UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOY H. SIMS,                        )
                                    )   No. CV-07-0362-JPH
          Plaintiff,                )
                                    )   ORDER GRANTING DEFENDANT'S
               v.                   )   MOTION FOR SUMMARY JUDGMENT
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social              )
Security,                           )
                                    )
          Defendant.                )
                                    )

BEFORE THE COURT are cross-motions for summary judgment,
noted for hearing without oral argument on May 27, 2008.  (Ct.
Rec. 10, 15).  Attorney Gary R. Penar represents Plaintiff Joy H.
Sims ("Plaintiff"); Special Assistant United States Attorney
Kathryn Ann Miller represents the Commissioner of Social Security
("Commissioner").  The parties have filed a consent to proceed
before a magistrate judge.  (Ct. Rec. 4).  After reviewing the
administrative record and the briefs filed by the parties, the
Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15)
and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 10).

**JURISDICTION**

On May 26, 2005, Plaintiff filed a an application for
Disability Insurance Benefits ("DIB") and an application for
Supplemental Security Income ("SSI") benefits, alleging disability
since March 6, 2005.  (AR 16, 342).  Plaintiff's applications were

ORDER GRANTING DEFENDANT'S MOTION . . . . ~ 1

denied initially and on reconsideration.  An administrative
hearing was held before Administrative Law Judge ("ALJ") Paul L.
Gaughen on April 12, 2007.  (AR 366-386).  On May 23, 2007, the
ALJ issued a decision finding that Plaintiff was not disabled.
(AR 16-25).  On September 17, 2007, the Appeals Council denied
Plaintiff's request for review.  (AR 5-8).  Therefore, the ALJ's
decision became the final decision of the Commissioner, which is
appealable to the district court pursuant to 42 U.S.C. § 405(g).
Plaintiff filed an action for judicial review pursuant to 42
U.S.C. § 405(g) on November 9, 2007.  (Ct. Rec. 1).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, the briefs of both Plaintiff and
the Commissioner and will only be summarized here.  Plaintiff was
42 years old on the date of the ALJ's decision.  (AR 25, 370).
Plaintiff is a high school graduate and has past work as a
cosmetologist, a daycare worker, a cleaner/housekeeper, a garment
sorter, a billing clerk, a telemarketer, and a quality control
supervisor.  (AR 370, 377-378).  Plaintiff alleges disability as
of March 6, 2005, due to chronic low back pain and blindness in
her left eye.[1]  (AR 370-371).

She testified that she could sit for about 15 minutes before
pain required her to get up and move, stand in one spot for about
10 minutes before her back began to hurt, walk about one block,
and occasionally lift about 10 pounds.  (AR 371-372).  She stated

---

[1]At the administrative hearing, it was observed that, with
respect to her alleged blindness in her left eye, the only
restriction on Plaintiff's driver's license is that she must
wear corrective lenses.  (AR 376-377).

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 2

that she experiences right leg numbness about four times a week
and that this sensation catches her off guard and causes her to
fall about three times a month.  (AR 372-373).  She also indicated
that she has difficulty sleeping and wakes up about three times a
week due to back pain.  (AR 374).  Plaintiff testified that, for
pain relief, she would lay on the floor and stretch about four
times per day for about five to six minutes at a time.  (AR 384-
385).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as
the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
Act also provides that a Plaintiff shall be determined to be under
a disability only if his impairments are of such severity that
Plaintiff is not only unable to do his previous work but cannot,
considering Plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he is
engaged in substantial gainful activities.  If he is, benefits are

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 3

denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the
decision maker proceeds to step two, which determines whether
Plaintiff has a medically severe impairment or combination of
impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).

If Plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares Plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d),
416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment
meets or equals one of the listed impairments, Plaintiff is
conclusively presumed to be disabled.  If the impairment is not
one conclusively presumed to be disabling, the evaluation proceeds
to the fourth step, which determines whether the impairment
prevents Plaintiff from performing work he has performed in the
past.  If Plaintiff is able to perform his previous work, he is
not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If Plaintiff
cannot perform this work, the fifth and final step in the process
determines whether Plaintiff is able to perform other work in the
national economy in view of his residual functional capacity and
his age, education and past work experience.  20 C.F.R. §§
404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once Plaintiff establishes that a physical or mental

1   impairment prevents him from engaging in his previous occupation.

2   The burden then shifts to the Commissioner to show (1) that

3   Plaintiff can perform other substantial gainful activity and (2)

4   that a "significant number of jobs exist in the national economy"

5   which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498

6   (9th Cir. 1984).

7   **STANDARD OF REVIEW**

8       Congress has provided a limited scope of judicial review of a

9   Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold

10  the Commissioner's decision, made through an ALJ, when the

11  determination is not based on legal error and is supported by

12  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995

13  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

14  1999). "The [Commissioner's] determination that a plaintiff is

15  not disabled will be upheld if the findings of fact are supported

16  by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

17  (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence

18  is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

19  1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.

20  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

21  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

22  573, 576 (9th Cir. 1988). Substantial evidence "means such

23  evidence as a reasonable mind might accept as adequate to support

24  a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

25  (citations omitted). "[S]uch inferences and conclusions as the

26  [Commissioner] may reasonably draw from the evidence" will also be

27  upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

28  On review, the court considers the record as a whole, not just the

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 5

evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## **ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since her alleged onset date.  (AR 18).  At step two, the ALJ determined that Plaintiff had the severe impairments of obesity; severe musculoskeletal impairment to the back, bilateral spondylolysis at L5 with Grade I anterolisthesis of L5 on C1; and severe impairment to the left eye sufficient to produce minor visual limitations but no blindness.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 6

(AR 18).  The ALJ noted that while Plaintiff had complained of anxiety, depression and stress and was receiving medication for these symptoms, once Plaintiff began the medications she reported improved functioning.  (AR 21).  The ALJ concluded that these complaints did not pose more than minimal limitations on her ability to perform basic work-related activities and, therefore, did not constitute severe impairments.  (AR 21).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments.  (AR 21).

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work exertion with lifting and carrying 10 pounds both occasionally and frequently, standing and walking at least two hours in an eight hour workday and sitting for six hours in an eight hour workday and was capable of occasional climbing (ramps, stairs, ladders, ropes, scaffolds), kneeling, crouching, crawling and stooping.  (AR 21).  At step four of the sequential evaluation process, the ALJ determined that, consistent with the opinions of the vocational expert and in comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, Plaintiff was able to perform her past relevant work as a garment sorter, a billing clerk and a telephone solicitor.  (AR 24-25). Accordingly, the ALJ determined, at step four of the sequential evaluation process, that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 25).

///

///

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, she argues that:

1.   The ALJ erred by relying on the opinions of A. Peter Weir, M.D., and the opinions of the state agency reviewing physicians;

2.   The ALJ erred by failing to develop the record with regard to Plaintiff's mental abilities and limitations;

3.   The ALJ erred by finding Plaintiff's testimony to be not entirely credible;

4.   The ALJ's RFC determination was erroneous; and

5.   The ALJ erred by failing to conduct an adequate step four analysis.

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

**I.  Plaintiff's Credibility**

Plaintiff argues that the ALJ erred by improperly rejecting Plaintiff's testimony without giving adequate reasons.  (Ct. Rec. 11 at 18-23).  The undersigned does not agree.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once Plaintiff produces medical evidence of an underlying impairment, the ALJ may not discredit Plaintiff's testimony as to

the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting Plaintiff's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider at least the following factors when weighing Plaintiff's credibility: Plaintiff's reputation for truthfulness, inconsistencies either in her testimony or between her testimony and her conduct, Plaintiff's daily activities, Plaintiff's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002). If the ALJ's credibility finding is supported by substantial evidence in the record, the court must not engage in second-guessing. *Id.* at 959.

The ALJ considered the evidence of record and concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (AR 23). The ALJ discussed the evidence of record and determined that Plaintiff's testimony was not fully credible. (AR 22-24).

The ALJ indicated that, inconsistent with Plaintiff's testimony that she is blind in her left eye, records from her

treating optometrist did not show any complaints of left eye
blindness and she was only treated for dry eye syndrome with the
administration of punctal plugs. (AR 23, 265). Dr. Weir noted
only a small cataract in Plaintiff's left eye but nothing to
support complete blindness. (AR 23, 330). Moreover, as indicated
in footnote one, above, it was observed at the administrative
hearing that the only restriction on Plaintiff's driver's license
is that she must wear corrective lenses. (AR 376-377).
Therefore, Plaintiff's statements that she is blind in her left
eye are not consistent with the record evidence.

The ALJ also indicates that Plaintiff failed to pursue
physical therapy that was offered to her. (AR 23). Noncompliance
with medical care or unexplained or inadequately explained reasons
for failing to seek medical treatment cast doubt on a claimant's
subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v.
Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff apparently
did not follow through with the prescribed physical therapy due to
a reported death in the family. (AR 184).

The ALJ additionally references Plaintiff's activities of
daily living. (AR 23). It is well-established that the nature of
daily activities may be considered when evaluating credibility.
*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ
indicated that, inconsistent with Plaintiff's allegations of
significant pain, Plaintiff reported "power walking" (AR 223) and
had volunteered to help moms have babies (AR 319). (AR 23).

The ALJ further references Plaintiff's report that her back
was doing well with the current treatment, she had good pain
control and she had decreased pain and medications were working

well.  (AR 23-24, 282-285).  The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms.  20 C.F.R. § 416.929(c)(3).  The ALJ further noted that treatment had been essentially routine and/or conservative in nature.  (AR 24). Conservative or minimal treatment during the relevant time period may suggest a lower level of pain and functional limitation. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

   The ALJ also indicated that Plaintiff's treating and consulting medical professionals did not support her allegations that she is unable to perform any work activities.  (AR 24).  A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor.  *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).  The ALJ indicated that Plaintiff's treating clinician was of the opinion that she was capable of sedentary work exertion which was consistent with the findings of Dr. Weir.  (AR 24, 323).  Furthermore, reviewing state agency physicians additionally did not find that Plaintiff was incapable of performing work.  (AR 166-173, 185-192, 238-245).  Thus, the objective medical evidence of record also does not support Plaintiff's allegations of disabling pain and symptoms.

   After reviewing the record, the undersigned finds that the reasons provided by the ALJ for finding Plaintiff not fully credible, as outlined above, are clear and convincing and supported by substantial evidence in the record.  Accordingly, the ALJ did not err by concluding that Plaintiff's testimony was not entirely credible in this case.

**II.  Develop the Record**

Plaintiff contends that the ALJ erred by failing to further develop the record with respect to Plaintiff's mental abilities and limitations.  (Ct. Rec. 11 at 16-18).  Plaintiff asserts that the ALJ failed to recognize Plaintiff's depression as a severe impairment.  (Ct. Rec. 11 at 16-18).

Plaintiff has the burden of proving that she has a severe impairment at step two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912.  In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that she has a severe impairment.  20 C.F.R. § 416.912(a).  The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities.  An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521, 416.921.

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Plaintiff did not have a medically severe mental impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)

("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

The ALJ noted that while Plaintiff had complained of anxiety, depression and stress to her treating clinician and was receiving medication for those symptoms (AR 295-298), she reported better mood and decreased symptoms once she began taking medication. (AR 21). The ALJ indicated that Plaintiff's complaints were sporadic and appeared to be situational and that she did not seek any professional treatment or psychiatric care. (AR 21). The ALJ therefore concluded that Plaintiff's mental health complaints did not generate more than minimal limitations on her ability to perform basic work-related activities and she thus did not have a severe mental impairment. (AR 21).

It was Plaintiff's duty to prove that she had a severe mental impairment. 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled"). Plaintiff failed to provide the ALJ with medical evidence which demonstrated that her mental health complaints were severe impairments. In fact, Plaintiff's disability report in the record, as well as her testimony at the administrative hearing, make no mention of mental impairments as a part of her disability claim. (AR 79-88, 370-377). Moreover, Plaintiff can only now direct the Court to "references" in the record of depression with a prescription for Effexor. (Ct. Rec. 11 at 16). There are simply no medical reports of record indicating that Plaintiff's mental ability to do

basic work activities is significantly limited.  Therefore, the
evidence of record does not support a finding that Plaintiff has a
severe mental impairment.

With regard to the ALJ's duty to develop the record, the ALJ
has an affirmative duty to supplement Plaintiff's medical record,
to the extent it is incomplete, before rejecting her claim of a
severe impairment.  *See* 20 C.F.R. § 404.1512(e)(1); S.S.R. 96-5p
(1996); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In
Social Security cases the ALJ has a special duty to fully and
fairly develop the record and to assure that the claimant's
interests are considered.")  The ALJ's duty to supplement
Plaintiff's record is triggered by ambiguous evidence.  *Tonapetyan
v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The record before
the ALJ was neither ambiguous nor inadequate to allow for proper
evaluation of the evidence.

As noted by the Commissioner, the record exhibits Plaintiff's
sporadic and situational complaints of depression which resolved
with treatment in less than 12 months.  (Ct. Rec. 16 at 15).  The
medical evidence of record shows the absence of any credible
evidence supporting Plaintiff's claim of severe depression.
Accordingly, the undersigned finds that the ALJ did not err with
respect to his evaluation of Plaintiff's mental abilities and
limitations in this case.

**III. RFC Determination**

Plaintiff asserts that the ALJ's RFC determination is not
supported by substantial evidence and constitutes an error of law
based upon the failure to consider and properly assess all of the
medical evidence and Plaintiff's limitations.  (Ct. Rec. 11 at 23-

26).  Plaintiff separately argues that the ALJ erred by adopting the opinions of Dr. Weir and the state agency reviewing physicians.  (Ct. Rec. 11 at 13-15).

RFC is defined as the most one can still do despite the individual's limitations.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In making his RFC determination, the ALJ considers Plaintiff's symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence of record.  The ALJ also considers the opinions of acceptable medical sources which reflect the judgment about the nature and severity of the impairments and resulting limitations.

Plaintiff was referred to A. Peter Weir, M.D., on March 13, 2007, for a physical consultative examination.  (AR 328-337). Plaintiff's chief complaints were low back pain, blindness in her left eye and obesity.  (AR 328).  Dr. Weir noted that x-rays of the lumber spine performed on February 2, 2005, showed "bilateral spondylosis at L5 with grade 1 anterolisthesis of L5 on S1" and an MRI of the lumbar spine performed on April 27, 2005, showed "spondylosis at L5 with mild anterolisthesis of L5 on S1."  (AR 328).  With respect to her left eye, Dr. Weir noted that Plaintiff was treated with photodynamic laser therapy to the retina.  (AR 328-329).  While Plaintiff stated that her vision was not improved by the laser therapy and that she is now blind in the left eye, Dr. Weir indicated that medical notes revealed her corrected vision following the laser therapy was 20/30 in both eyes.  (AR 329).

///

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 15

Dr. Weir diagnosed chronic low back pain as a result of bilateral spondylosis at L5 with grade 1 anterolisthesis of L5 on S1, impaired vision in the left eye and obesity. (AR 332). He noted that Plaintiff has a small cataract which could produce minor impairment in vision but not total blindness as alleged. (AR 332). Dr. Weir opined that Plaintiff is limited by low back pain which is aggravated by obesity and that she is capable of standing and/or walking for two hours in an eight-hour day, with frequent breaks, and sitting for six hours in an eight-hour day with breaks every two hours. (AR 332). Dr. Weir determined that Plaintiff did not require an assistive device for ambulation, had no manipulative or environmental restrictions, could lift and/or carry 10 pounds occasionally and 10 pounds frequently, and was limited by the presence of low back pain to only occasional bending, stooping, crouching, climbing, kneeling and crawling. (AR 332-333).

The ALJ gave weight to the Dr. Weir's opinions, indicating that he had the opportunity to review all of the record evidence (AR 24) and concluded that Plaintiff had the RFC to perform sedentary exertion level work with lifting and carrying 10 pounds both occasionally and frequently, standing and walking at least two hours in an eight hour workday and sitting for six hours in an eight hour workday and was capable of occasional climbing (ramps, stairs, ladders, ropes, scaffolds), kneeling, crouching, crawling and stooping (AR 21).

Dr. Weir's opinions are not contradicted by any other credible evidence of record. As indicated by the ALJ, the RFC conclusions of the state agency reviewing physicians support a

finding of "not disabled" (AR 24) and are consistent with Dr.
Weir's conclusions (AR 166-173, 185-192, 238-245).  Furthermore,
as noted in the ALJ's decision, Plaintiff's treating clinician at
the Doctors Clinic of Spokane, Ms. Abney, ARNP, opined on August
4, 2005, that Plaintiff was limited to sedentary work with no
lifting more than 20 pounds and was capable of working full time
with frequent position changes.  (AR 20, 323).  In January 2006,
Plaintiff reported to her treating physician that she was doing
well with her current treatment for her back and that the
medication was working.  (AR 282).  In February 2006, Plaintiff
reported increased walking and had good to fair pain control.  (AR
284).  The record further reveals that Plaintiff reported "power
walking" (AR 223) and volunteer help with moms have babies (AR
319).  These statements and opinions are consistent with the state
agency reviewers' opinions (AR 166-173, 185-192, 238-245) and Dr.
Weir's March 13, 2007 evaluation opinions (AR 328-337).

Plaintiff also argues that the ALJ mischaracterized the
record because Dr. Weir did not review a later MRI, from March
2007, which was performed two days after Dr. Weir's report.  (Ct.
Rec. 11 at 14).  This MRI, which showed moderate to severe
degenerative disc disease at L5-S1, worse than previously
indicated (AR 339), was brought to the ALJ's attention at the time
of the administrative hearing (AR 378-380).  Nevertheless, the ALJ
indicated that he fully considered those findings, in addition to
all other evidence of record, and took the findings into account
when making his ultimate RFC determination.  (AR 24).  The ALJ
indicated that the imaging in question did not limit Plaintiff any
greater than as he determined in his RFC finding.  (AR 24).  It is

clear that the ALJ considered the MRI findings and properly
weighed those findings in evaluating the medical evidence.

Plaintiff also asserts that the ALJ erred by not considering
all of Plaintiff's impairments in the RFC assessment, including
limitations from headaches, depression, vision deficits,
limitations from obesity and drowsiness from medications.  (Ct.
Rec. 11 at 23-26).  The ALJ appropriately did not include
restrictions as a result of headaches and medication side-effects
because limitations from those alleged impairments are not
supported by the weight of the record evidence.  With respect to
depression, as indicated above, the record demonstrates that
Plaintiff's sporadic and situational complaints of depression
resolved with treatment.  *Supra*.  Finally, it is apparent that the
ALJ did, in fact, consider vision deficits and Plaintiff's obesity
in formulating his determination.  The ALJ indicated that
Plaintiff's obesity and minor visual limitations to her left eye
were severe impairments.  (AR 18).  However, complaints of greater
limitations than those assessed by the ALJ were properly found not
entirely credible by the ALJ.  *Supra*.  The ALJ's RFC determination
adequately accounts for Plaintiff's severe obesity and vision
deficits.  (AR 21).

Lastly, Plaintiff contends that her need for "frequent
breaks" was not addressed by the ALJ.  (Ct. Rec. 11 at 14).  While
the narrative portion of Dr. Weir's report indicates that
Plaintiff is capable of standing and/or walking for two hours in
an eight-hour workday with "frequent breaks" (AR 332), Dr. Weir
does not define "frequent", indicates that Plaintiff is able to
sit for six hours a day with breaks every two hours, and makes no

reference to "frequent breaks" in his medical source statement. (AR 332, 334-337). The ALJ relied on the weight of the evidence of record, including Dr. Weir's report, to find that Plaintiff could perform sedentary exertion work. Sedentary work is defined as one which involves sitting, although a certain amount of walking and standing is often necessary to carry out the job duties. C.F.R. § 404.1567(a). Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *Id*. The ALJ does not mention "frequent breaks" from standing/walking in his decision; however, his RFC finding indicates standing and walking for two hours and sitting for six hours. (AR 21). Undefined "breaks" from the standing/walking duties of a job could consist of job duties being performed while sitting, a break from standing/walking. Alternatively, the ALJ may have interpreted the medical evidence as not requiring frequent breaks, consistent with Dr. Weir's medical source statement findings. (AR 334-337). It is notable that the ALJ's third hypothetical to the vocational expert contemplated a job necessity of a sit-stand option. (AR 382). In any event, it is the responsibility of the ALJ to resolve conflicts in medical testimony and resolve ambiguities. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The Court thus has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). The ALJ's RFC determination is properly supported.

///

1    Contrary to Plaintiff's arguments, the record does not
2    support a more restrictive RFC determination than as assessed by
3    the ALJ in this matter.  The ALJ's reliance on Dr. Weir's
4    findings, as consistent with the credible evidence of record, was
5    proper in this case.  The ALJ's RFC finding is supported by
6    substantial record evidence and free of error.

7    **IV.  Step Four Determination**

8    Plaintiff contends that the ALJ's step four analysis is
9    unsupported by the evidence and contrary to law.  (Ct. Rec. 11 at
10   26-28).  Social Security Ruling ("SSR") 82-61 provides that,
11   pursuant to 20 C.F.R. § 404.1520(e) and § 416.920(e), a claimant
12   will be found not disabled when it is determined she retains the
13   RFC to perform either the actual functional demands and job duties
14   of a particular past relevant job, or the functional demands and
15   job duties of the occupation as generally required by employers
16   throughout the national economy.  SSR 82-61.  "If a claimant shows
17   that he or she cannot return to his or her previous job, the
18   burden of proof shifts to the Secretary to show that the claimant
19   can do other kinds of work."  *Embrey v. Bowen*, 849 F.2d 418, 422
20   (9th Cir. 1988).  Plaintiff thus has the initial burden of
21   demonstrating she cannot perform her past relevant work.  *Hoffman*
22   *v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986).  Only after
23   Plaintiff establishes her inability to perform her previous work
24   does the burden shift to the Commissioner to show that Plaintiff
25   can do less demanding substantial gainful work which exists in the
26   national economy.  *Hoffman,* 785 F.2d at 1425.
27   ///
28   ///

ORDER GRANTING DEFENDANT'S MOTION . . . ~ 20

Regarding the findings that must be made at step four, SSR 82-62 provides:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact: (1) A finding of fact as to the individual's residual functional capacity (RFC); (2) A finding of fact as to the physical and mental demands of the past job/occupation; (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.

As determined above, the ALJ's RFC finding was proper in this case. *See supra.* Accordingly, the ALJ appropriately concluded that Plaintiff was capable of performing sedentary exertion work.

Vocational expert Daniel R. McKinney testified that Plaintiff's past work as a billing clerk was sedentary exertion level work, her past work as a telemarketer, quality control supervisor, was light work, and her past work as a garment sorter was light work but could be performed at the sedentary exertion level. (AR 377-378, 382). Based on a hypothetical which included the limitations assessed by the ALJ in this case, the vocational expert testified that the individual would be capable of performing Plaintiff's past relevant work as a garment sorter, billing clerk and telephone solicitor, quality control supervisor. (AR 381-383). Mr. McKinney indicated that while the billing clerk job was the only job classified as sedentary work, a person could also work as a garment sorter at the sedentary level. (AR 382). At step four of the sequential evaluation process, the ALJ found that, based on Plaintiff's RFC and the vocational expert's testimony, Plaintiff was capable of performing her past relevant work as a garment sorter, billing clerk and telephone solicitor. (AR 25).

Consistent with the Vocational Expert's testimony, the ALJ made a finding that Plaintiff's past relevant work as a billing clerk was sedentary and her past work as a garment sorter was light work but that it could be performed at the sedentary exertion level. (AR 25, 382). The ALJ additionally found that Plaintiff's testimony and the vocational expert's testimony demonstrates that Plaintiff's work as a telephone solicitor, as performed, required no more than sedentary exertion. (AR 25). The ALJ properly compared Plaintiff's RFC with the demands of her past work and concluded that Plaintiff would be able to perform the jobs as actually and generally performed. (AR 25). The ALJ's step four findings were consistent with the directives of SSR 82-62. Plaintiff failed in her initial burden of proving she cannot perform any of her past relevant work. *Hoffman,* 785 F.2d at 1425. The undersigned finds that the ALJ's step four determination was without error.

**V.   Sustained Work Activity**

Plaintiff asserts that the ALJ's decision is flawed because he failed to assess whether Plaintiff is capable of working on a "regular and continuing basis" for eight hours a day, five days a week. (Ct. Rec. 11 at 23-26). However, as noted by the Commissioner, an ALJ need not recite certain "magic words" in his decision, so long as a reviewing court can draw specific and legitimate inference from his findings. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989); (Ct. Rec. 16 at 21). As discussed above, a claimant will be found not disabled when it is determined that she retains the RFC to perform either the actual functional demands and job duties of a particular past relevant job, or the

functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61. The vocational expert's testimony, based on a proper RFC assessment (*supra*), demonstrated that Plaintiff is capable of performing her past relevant work.  It is logical to assume that if the ALJ's RFC determination, a finding intended to describe the most an individual can still do despite her limitations, precluded sustained work, the vocational expert would have attested to the same.  The substantial weight of the record evidence supports the ALJ's conclusion that Plaintiff retains the ability to perform her past relevant work on a sustained basis.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff is thus not disabled within the meaning of the Social Security Act.  Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment (**Ct. Rec. 10**) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (**Ct. Rec. 15**) is **GRANTED**.

3.  The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file.

**IT IS SO ORDERED.**

**DATED** this ___6^th___ day of June, 2008.

                              _S/James P. Hutton_
                              JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE